33 F.3d 53
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonardo ALEMAN, Defendant-Appellant.
 No. 94-5175.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 18, 1994.
Decided: August 30, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-92-299)
 Paul Morris, Law Offices Of Paul Morris, P.A., Coral Gables, Florida, for Appellant.
 Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Stephen H. Rosen, Law Offices Of Stephen H. Rosen, P.A., Coral Gables, Florida, for Appellant.
 Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 OPINION
 Before WILKINS, Circuit Judge, and SHEDD and TRAXLER, United States District Judges for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Leonardo Aleman was charged, along with others, for conspiring to distribute marijuana and cocaine in one count of a seventeen-count indictment filed in the Middle District of North Carolina. See 21 U.S.C.A. Sec. 846 (West Supp.1994). Aleman moved to dismiss the indictment as to him, asserting that his prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment because he previously pled guilty to a two-count indictment filed in the United States District Court for the Middle District of Florida, which charged him with attempted possession of marijuana with the intent to distribute, 21 U.S.C.A. Sec. 841(a) (West 1981), and conspiracy to possess marijuana with the intent to distribute, id. Sec. 846. Finding that the Florida conspiracy was not the same offense for which Aleman was charged in the North Carolina indictment, the district court denied Aleman's motion to dismiss the North Carolina conspiracy count. We affirm.
 
 
 2
 The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Because this clause includes a bar against successive prosecutions for the same offense, it forbids the division of a single conspiracy into multiple violations of a conspiracy statute. To determine whether two charged conspiracies are in fact the same offense for double jeopardy analysis, the court considers the degree of overlap in
 
 
 3
 (1) the time periods covered by the alleged conspiracies;
 
 
 4
 (2) the places where the conspiracies are alleged to have occurred;
 
 
 5
 (3) the persons charged as coconspirators; (4) the overt acts alleged to have been committed in furtherance of the conspiracies, or any other descriptions of the offenses charged which indicate the nature and scope of the activities being prosecuted; and
 
 
 6
 (5) the substantive statutes alleged to have been violated."
 
 
 7
 United States v. McHan, 966 F.2d 134, 137-138 (4th Cir.1992) (citations and internal quotation marks omitted). These factors are to be applied flexibly, rather than rigidly, to determine if the two conspiracy counts charge the same offense; and other factors may be relevant in making this determination. Id. at 138.
 
 
 8
 In reviewing the decision of the district court, we review its factual findings for clear error and legal conclusions de novo. Id. Aleman concedes that the district court applied the proper legal principles in addressing his motion. Thus, he grounds his appeal in the assertion that the findings of the district court were clearly erroneous.
 
 
 9
 After conducting an evidentiary hearing, the district court, applying the above factors, found that Aleman was involved in a conspiracy in Tampa, Florida, which was separate from the conspiracy alleged in North Carolina. With respect to the time frames of the conspiracies, the district court noted that although the time period charged for the Florida conspiracy was subsumed in the time period charged for the North Carolina conspiracy, this was not fatal to a subsequent prosecution because Aleman did not join the North Carolina conspiracy until after the Florida conspiracy had terminated. In fact, the district court properly found that Aleman did not join the North Carolina conspiracy until after he was released from prison after serving approximately four years of his sentence for the Florida conspiracy conviction. With respect to the location of the conspiracy, the district court found that the Florida conspiracy involved one transaction that took place in Tampa, Florida, while Aleman's involvement in the North Carolina conspiracy allegedly took place in Lakeland, Florida and North Carolina. With respect to the individuals involved, the district court found that only Aleman and one other person were common actors in the two conspiracies. Thus, there was very little overlap in the persons involved in the two multi-participant conspiracies. With respect to the overt acts and evidence presented of the nature and scope of the agreement, the district court found that the Florida conspiracy concerned only one transaction in September 1986 that involved an individual acting as broker for a marijuana purchase. Aleman's involvement in the North Carolina conspiracy began in 1988 when Aleman allegedly supplied cocaine to the North Carolina conspiracy from Lakeland, Florida. Finally, with respect to the substantive charges, the court noted that both indictments charged a conspiracy to violate Sec. 841(a); that the Florida indictment charged a single substantive count (attempting to possess marijuana with the intent to distribute); and the North Carolina conspiracy charged Aleman with no substantive offenses. Applying these factors, the district court concluded that the North Carolina indictment charged Aleman with a separate conspiracy from the Florida conspiracy.
 
 
 10
 We conclude that district court's findings are not clearly erroneous and affirm for the reasons set forth by the district court. United States v. Aleman, CR 92-299-04-WS (M.D.N.C. Feb. 23, 1994).
 
 
 11
 AFFIRMED.